PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RYAN SALES, | ) |
|     Plaintiff, | ) CASE NO. 4:19CV0336 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| WARDEN RICHARD BOWEN, *et al.*, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
|     Defendants. | ) [Resolving ECF Nos. 3 and 5] |

*Pro se* Plaintiff Ryan Sales filed this action under 42 U.S.C. § 1983 against Ohio State Penitentiary ("OSP") Warden Richard Bowen, OSP Assistant Warden Thomas Horten, and OSP Rules Infraction Board ("RIB") Chairman Lieutenant Bright. In the Complaint (ECF No. 1), Plaintiff alleges he was sanctioned with restrictions of his telephone and kiosk privileges as a result of conduct charges that did not involve inappropriate use of the telephone or kiosk. He contends this violates prison policy. He seeks an order lifting the sanctions and awarding him $10,000 in damages.

**I. Background**

The Complaint (ECF No. 1) is very brief. Plaintiff alleges he was found guilty of a conduct violation. He does not indicate what the charges were, but states that they did not involve inappropriate use of the telephone or kiosk. Plaintiff contends he nevertheless was sanctioned with telephone and kiosk restrictions for a period of time. He asserts this violates

(4:19CV0336)

prison policy. Plaintiff indicates he complained to the Warden and Assistant Warden and they did not intervene to lift the restrictions.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. Neitzke, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). *See also* Lawler, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all

(4:19CV0336)

the allegations in the complaint are true." *Id.* (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. Law and Analysis

#### A.

Plaintiff has not alleged sufficient facts to demonstrate the existence of the Court's subject-matter jurisdiction over this case. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.*

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists

3

(4:19CV0336)

between the parties. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity of citizenship, is applicable to cases of sufficient value between "citizens of different States." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff must establish that he is a citizen of one state and all of the defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). Federal question jurisdiction arises when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Diversity of citizenship does not appear to exist in this case. Plaintiff is incarcerated in the OSP and all of Defendants are OSP employees. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed. R. Civ. P. 8(a)(1). In a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.,* No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). The Complaint (ECF No. 1), as written, suggests that Plaintiff and Defendants are all citizens of Ohio. Therefore, federal subject-matter jurisdiction cannot be based on diversity of citizenship. In addition, the amount in controversy, *i.e.*, $10,000.00, does not meet the jurisdictional amount to proceed with diversity jurisdiction. 28 U.S.C. § 1332.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "'well

(4:19CV0336)

pleaded' allegations of the complaint and ignore[s] potential defenses" a defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)). Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation . . . to construe a pro se petition 'to encompass any allegation stating federal relief.'" *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). Even with that liberal construction, however, Plaintiff failed to properly identify a federal question in this case. His claim is based on a violation of prison policy, not federal law. A claim that Defendants did not comply with prison policy is not enough to state a claim under § 1983. An alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007). "Section 1983 is addressed to remedying violations of federal law, not state law or prison policy." *Betty v. McKee*, No. 2:18-cv-218, 2019 WL 140194, at *7 (W.D. Mich. Jan. 9, 2019) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

**B.**

Appointment of counsel in a civil case is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). It "is a privilege that is justified only by exceptional circumstances." *Id.* at 606; *see also Johnson v. City of Wakefield*, 483 Fed. Appx. 256, 260 (6th Cir. 2012). In considering whether "exceptional circumstances" exist, courts have considered the plaintiff's ability to represent himself, the chance of success of plaintiff's claims, and the

5

(4:19CV0336)

complexity of the case. *Lavado*, 992 F.2d at 606; *see also Johnson*, 483 Fed.Appx. at 260. Having found that Plaintiff has failed to state a claim upon which relief may be granted, the assistance of counsel is not necessary to the proper presentation of Plaintiff's position. Therefore, Plaintiff's Motion for Appointment of Counsel (ECF No. 3) is denied.

### C.

Finally, Plaintiff filed a Motion for an Injunction (ECF No. 5). That motion details harassment alleged to have been committed by OSP Corrections Officers. Plaintiff asks the Court to restrain them to keep them away from him. These Officers are not defendants to the case at bar. If Plaintiff wishes to pursue legal claims against these Officers, he may do so in a separate action that names them as defendants. Therefore, Plaintiff's Motion for an Injunction (ECF No. 5) is denied without prejudice.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e) for lack of subject-matter jurisdiction. Plaintiff's Motion for Appointment of Counsel (ECF No. 3) is denied. Plaintiff's Motion for an Injunction (ECF No. 5) is denied without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

   July 31, 2019                            */s/ Benita Y. Pearson*
Date                                         Benita Y. Pearson
                                                   United States District Judge